AMELIA DeLONGIS, as Administratrix, etc., of PATRICK DeLONGIS, Deceased, Appellant, v. STORCH TRUCKING COMPANY, Respondent.— In an action to recover for the death of plaintiff's intestate, who was caught under a heavy bale of paper during the course of his employment, order setting aside verdict and dismissing the complaint on the reserved motion, and the judgment entered on the order, unanimously affirmed, with costs. No opinion. Present — Hagarty, Davis, Adel, Taylor and Close, JJ.

NOAH FELLS, Trading under the Firm Name of ONAH TRADING Co., Appellant, Respondent, v. GLOBE CANDLE Co., INC., GLOBE CRAYON Co., INC., ABRAHAM L. KAMEN, Respondents, Appellants, and ANTHONY HUBER, Doing Business as HUBER MACHINE COMPANY; PARAGON TRADING CORP., and WILLIAM GERSON, Respondents.— The action is to foreclose a chattel mortgage, for an injunction, to set aside transfers of assets, to set aside a sale of a chattel, etc. Plaintiff appeals from so much of the judgment as dismisses the amended complaint in respect to the improved Huber crayon labeling machine, and denies foreclosure thereon under plaintiff's chattel mortgage. Defendants Globe Candle Co., Inc., Globe Crayon Co., Inc., and Abraham L. Kamen appeal from so much of the judgment as directs judgment of foreclosure and sale of certain chattels, grants an injunction, awards allowance to plaintiff, grants personal judgment against defendant Kamen, etc. Judgment modified by adding to the list of chattels described in paragraph 11 the improved Huber crayon labeling machine and by striking out paragraph 6. As thus modified the judgment, in so far as appealed from, is unanimously affirmed, with costs to plaintiff. Findings and conclusions inconsistent herewith are reversed and new findings and conclusions will be made. While defendant Huber was entitled to foreclose his prior chattel mortgage and to sell the chattel described therein without notice to plaintiff, it was his duty to see that the sale was conducted fairly and honestly and in such a manner that the reasonable value of the chattel would be realized. This he failed to do. On the contrary, he refused to accept from plaintiff payment of his lien without the necessity of foreclosing. He permitted the mortgagor or its alter ego, defendant Kamen, to arrange for the sale, which was conducted with undue haste. Moreover, Huber did not employ the auctioneer, nor did he know him, nor pay the auctioneer's fees or the other expenses of the sale, nor did Huber even attend the sale. The chattel was purchased in the name of Kamen's brother-in-law, defendant Gerson, who did not attend the sale, and who knew nothing about the value of the chattel. The chattel, which was worth between $1,500 and $2,500, was sold for $300, which was the balance due on Huber's mortgage, and this sum subsequently was paid to Huber. The sale was fraudulent as to plaintiff, and under the circumstances the court will leave those who were parties to it as it finds them and treat the $300 paid to Huber as a voluntary payment in satisfaction of his lien. Hence the lien of plaintiff's mortgage continues unimpaired. Present — Hagarty, Carswell, Davis, Johnston and Adel, JJ. Settle order on notice.